**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**


DELARICK HUNTER,                    )
                                    )
                    Plaintiff,      )       **CIVIL ACTION**
                                    )
v.                                  )       No.  05-3074-MLB
                                    )
RANDALL HENDERSON,                  )
                                    )
                    Defendant.      )
_____ )

**<u>MEMORANDUM AND ORDER</u>**

**I.  INTRODUCTION**

     This is a prisoner civil rights case in which plaintiff proceeds
pro se.  The case comes before the court in a peculiar posture.  After
filing his answer, defendant filed a motion for summary judgment with
supporting brief.  (Docs. 34, 35.)  Plaintiff responded with a motion
to amend his complaint, along with a motion denominated as one for
summary judgment, but the substance of which operated as both a motion
for summary judgment and a response to defendant's motion.  (Docs. 36,
37, 38.)  Defendant opposed plaintiff's request to amend his
complaint.  (Doc. 40.)  Other related briefs have also been filed.
(Docs. 41, 42.)

     The court now has before it cross-motions for summary judgment
and a motion to amend the complaint where the amended complaint has
already been filed, but without permission.  (Doc. 48.)  For reasons
stated herein, defendant Henderson's motion for summary judgment is
GRANTED, and he is dismissed from the case.  Nevertheless, for the
following reasons, the case will remain open because the amended
complaint names a new defendant.  However, no further amendments to

the complaint will be allowed.

## II.  MOTION TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) requires that leave to amend a complaint be freely given absent some indication of bad faith, dilatory conduct, or other similar justification for denial.  See Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).  This is especially true when the plaintiff is proceeding pro se.  Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998).

Plaintiff seeks to file an amended complaint that adds as a defendant the individual whom he alleges actually used excessive force against him, Sgt. Joel M. Young.  The amended complaint also omits all previous claims related to his HIV condition, leaving only the excessive force claim and the claim that he was denied access to an adequate law library.  Plaintiff further concedes that defendant Henderson had no role in the excessive force incident, and that the medical claim should be dismissed.  Thus, the court finds that defendant Henderson will suffer no prejudice if plaintiff is permitted to amend.  Indeed, the amended complaint effectively removes all claims against Henderson except the claim related to the law library. Therefore, the plaintiff's motion to amend his complaint is GRANTED. Since an amended complaint supercedes all prior versions of the complaint, all claims omitted from the amended complaint are out of the case.  Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991).

## III.  MOTIONS FOR SUMMARY JUDGMENT

A.  Summary Judgment Standard: Fed. R. Civ. P. 56 - Cross Motions
The usual and primary purpose of the summary judgment rule is to

isolate and dispose of factually unsupported claims or defenses.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."  <u>Adler v. Wal-Mart Stores, Inc.</u>, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted); <u>see also</u> <u>Adams v. Am. Guarantee & Liab.</u> <u>Ins. Co.</u>, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing <u>Adler</u>).  The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment because the factual dispute must be <u>material</u>.  <u>See</u> <u>Renfro v. City of Emporia</u>, 948 F.2d 1529, 1533 (10th Cir. 1991).

1.   Moving Party's Burden

The moving party must initially show both an absence of a genuine issue of material fact, as well as entitlement to judgment as a matter of law.  <u>Adler</u>, 144 F.3d at 670.  The nature of the showing depends upon whether the movant bears the burden of proof at trial with respect to the particular claim or defense at issue in the motion. If the nonmoving party bears the burden of proof, the movant need not "support its motion with affidavits or other similar materials <u>negating</u> the opponent's" claims or defenses.  <u>Celotex</u>, 477 U.S. at 323 (emphasis in original).  Rather, the movant can satisfy its obligation simply by pointing out the absence of evidence on an essential element

of the nonmovant's claim. <u>Adler</u>, 144 F.3d at 671 (citing <u>Celotex</u>, 477 U.S. at 325).

On the other hand, if the movant has the burden of proof on a claim or defense raised in a summary judgment motion, it must show that the undisputed facts establish every element of the claim entitling it to judgment as a matter of law. <u>See</u> <u>e.g.</u>, <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc); <u>United Mo. Bank of Kansas City v. Gagel</u>, 815 F. Supp. 387, 391 (D. Kan. 1993); <u>see</u> <u>also</u> <u>Celotex Corp.</u>, 477 U.S. at 331 (Brennan, J., dissenting) ("If the <u>moving</u> party will bear the burden of persuasion at trial, that party must support its motion with credible evidence – using any of the materials specified in Rule 56(c) that would entitle it to a directed verdict if not controverted at trial.").[1]   Moreover, the moving party must show the absence of genuine issues of fact regarding each of the affirmative defenses specifically reserved by the non-moving party. <u>Gagel</u>, 815 F. Supp. at 391.   "The party moving for summary judgment must establish its entitlement beyond a reasonable doubt." <u>Id.</u>

2.   Non-Moving Party's Burden

If the moving party properly supports its motion, the burden shifts to the nonmoving party, "who may not rest upon the mere

---

[1]   The court notes that the Rule 56 summary judgment standard is identical to that of a Rule 50 judgment as a matter of law standard, <u>see</u> <u>Pendleton v. Conoco, Inc.</u>, 23 F.3d 281, 286 (10th Cir. 1994), and that "[t]he standard is particularly strict when such a ruling is made in favor of the party with the burden of proof." <u>Weese v. Schukman</u>, 98 F.3d 542, 547 (10th Cir. 1996).   Under this strict test, the party bearing the burden of proof at trial earns a favorable ruling only when evidence is presented that "the jury would not be at liberty to disbelieve." <u>Weese</u>, 98 F.3d at 547.

allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Muck v. United States</u>, 3 F.3d 1378, 1380 (10th Cir. 1993). In setting forward these specific facts, the nonmovant must identify the facts "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." <u>Adler</u>, 144 F.3d at 671. If the evidence offered in opposition to summary judgment is merely colorable or is not significantly probative, summary judgment may be granted. <u>Cone v. Longmont United Hosp. Ass'n</u>, 14 F.3d 526, 533 (10th Cir. 1994). A party opposing summary judgment "cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." <u>Conaway v. Smith</u>, 853 F.2d 789, 793 (10th Cir. 1988), <u>aff'd</u> 939 F.2d 910 (10th Cir. 1991). Put simply, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

       3.   Presentation of Evidence

Certain local rules further govern the presentation of facts and evidence. Local Rule 56.1 requires the movant to set forth a concise statement of material facts. D. Kan. Rule 56.1. Each fact must appear in a separately numbered paragraph and each paragraph must refer with particularity to the portion of the record upon which the defendant relies. <u>See</u> <u>id.</u> The opposing memorandum must contain a similar statement of facts. Plaintiff must number each fact in dispute, refer with particularity to those portions of the record upon which he relies and, if applicable, state the number of the

-5-

defendants' fact that he disputes.  The court may, <u>but is not</u> <u>obligated to</u>, search for and consider evidence in the record that would rebut one party's evidence, but that the opposing party has failed to cite.  <u>See</u> <u>Mitchell v. City of Moore</u>, 218 F.3d 1190, 1199 (10th Cir. 2000); <u>Adler</u>, 144 F.3d at 672.  All material facts set forth in the statements of fact are deemed to be admitted for the purpose of summary judgment unless specifically controverted.  <u>See</u> <u>Gullickson v. Sw. Airlines Pilots' Ass'n</u>, 87 F.3d 1176, 1183 (10th Cir. 1996) (applying local rules of District of Utah).  A standing order of this court also precludes drawing inferences or making arguments within the statement of facts.

The parties need not present evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible.  <u>See</u> <u>Thomas v. Int'l Bus. Machs.</u>, 48 F.3d 478, 485 (10th Cir. 1995) (internal quotations and citations omitted).  For example, hearsay testimony that would be inadmissible at trial may not be included.  <u>See</u> <u>Adams</u>, 233 F.3d at 1246.  Similarly, the court will disregard conclusory statements and statements not based on personal knowledge. <u>See</u> <u>Cole v. Ruidoso Mun. Schs.</u>, 43 F.3d 1373, 1382 (10th Cir. 1994) (regarding conclusory statements); <u>Gross v. Burggraf</u> <u>Constr. Co.</u>, 53 F.3d 1531, 1541 (10th Cir. 1995) (requiring personal knowledge).  Finally, the court may disregard facts supported only by references to documents unless the parties have stipulated to the admissibility of the documents or the documents have been authenticated by and attached to an affidavit meeting the requirements of Rule 56(e).  <u>See</u> Fed. R. Civ. P. 56(e); D. Kan. Rule 56.1; 10A Charles Alan Wright, et al., <u>Fed. Practice and Procedure</u> § 2722 (2d

ed. 1983) (footnotes omitted).

Given that plaintiff is proceeding pro se, the court will also credit as evidence statements made by him in his pleadings and briefs, so long as the statements were based on personal knowledge and made under penalty of perjury. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). However, as noted above, the court is under no obligation to comb the record in search of such sworn statements. Rather, under the applicable procedural rules, it is the duty of the parties contesting a motion for summary judgment to direct the court to those places in the record where evidence exists to support their positions. Plaintiff's pro se status does not absolve him from compliance with the rules of procedure, including the local rules and this court's standing order. See Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

### 4.   Summary

In the end, when confronted with a fully briefed motion for summary judgment, the court must determine "whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If sufficient evidence exists on which a trier of fact could reasonably find for the plaintiff, summary judgment is inappropriate.[2] See Prenalta Corp. v.

---

[2] Even though the parties have filed cross-motions for summary judgment, the legal standard does not change. See O'Connor v. Check Rite, Ltd., 973 F. Supp. 1010, 1014 (D. Colo. 1997); United Wats, Inc. v. Cincinnati Ins. Co., 971 F. Supp. 1375, 1382 (D. Kan. 1997). It remains this court's sole objective to discern whether there are any disputes of material facts. See Harrison W. Corp. v. Gulf Oil Co.,

Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

      B.  Analysis

      Plaintiff concedes that both the excessive force claim and the medical treatment claim should be dismissed as to defendant Henderson. (Doc. 38 at 1-3.)  Accordingly, defendant Henderson's motion is GRANTED as to those claims.  That leaves the claim regarding access to a law library.

      "[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Peoples v. CCA Det. Ctrs., 422 F.3d 1090, 1107 (10th Cir. 2005) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)).  However, before a plaintiff may bring a civil rights action seeking damages stemming from an unlawful conviction or sentence, he must first show that

> the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction

662 F.2d 690, 692 (10th Cir. 1981). The court is, however, justified in assuming that no evidence needs to be considered apart from what has been filed.  See James Barlow Family Ltd. Partnership v. Munson, Inc., 132 F.3d 1316, 1319 (10th Cir. 1997).  Additionally, the Tenth Circuit has made it clear that each motion is to be treated separately – the denial of one does not require the granting of the other.  See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)); Abbot v. Chem. Trust, No. 01-2049-JWL, 2001 WL 492388, at *4 n.11 (D. Kan. Apr. 26, 2001).  Rather, this court must hold each party to their respective burden depending upon their status as a moving or nonmoving party and whether they would have the burden of proof on a particular issue at trial .  See Stewart v. Nationalease of Kansas City, Inc., 920 F. Supp. 1188, 1202 (D. Kan. 1996).

> or sentence that has not been so invalidated is
> not cognizable under § 1983.  Thus, when a state
> prisoner seeks damages in a § 1983 suit, the
> district court must consider whether a judgment
> in favor of the plaintiff would necessarily imply
> the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless
> the plaintiff can demonstrate that the conviction
> or sentence has already been invalidated.  But if
> the district court determines that the
> plaintiff's action, even if successful, will not
> demonstrate the invalidity of any outstanding
> criminal judgment against the plaintiff, the
> action should be allowed to proceed, in the
> absence of some other bar to the suit.

Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L.
Ed. 2d 383 (1994).  In order to show denial of access to the courts,
plaintiff must allege and prove that he suffered actual injury, not
mere deprivation of access.  Peoples, 422 F.3d at 1107 (citing Lewis,
518 U.S. at 351).

Here, plaintiff claims that defendant's refusal to provide him
with adequate access to legal materials prejudiced his defense in a
criminal case.  More specifically, while incarcerated at the Wyandotte
County jail, plaintiff was prosecuted for battery of a law enforcement
officer, which stemmed from the same incident for which he asserts his
excessive force claim.  Plaintiff was convicted and sentenced to 152
months in the penitentiary.  Plaintiff contends that had he been given
access to appropriate statutes, he would have known that he was
prosecuted under the wrong provisions of the statute proscribing
battery of a law enforcement officer.  Plaintiff further contends
that, had he been able to make this argument to the trial court, he
would have been convicted of a misdemeanor, punishable by no more than
one year in jail, instead of suffering a felony conviction carrying
a sentence of over ten years in prison.  (Doc. 38 at 11-12.)

-9-

The facts also show that the state trial court attempted to appoint counsel for plaintiff; however, plaintiff refused, insisting instead that he would proceed pro se.  Nevertheless, the trial court appointed standby counsel that remained with plaintiff throughout the criminal proceedings.[3]  Plaintiff contends that his standby counsel was deficient and failed to provide the assistance that plaintiff requested.  (Docs. 35 at 8; 38 at 6.)

Even assuming the truth of plaintiff's allegations, the only injury alleged by plaintiff is that he was convicted and sentenced under the wrong statute.  In order to find that he suffered a denial of his right of access to the courts under these facts, the court would have to agree that plaintiff was convicted and sentenced under the wrong statute, a finding that "would necessarily imply the invalidity of his conviction or sentence."  Heck, 512 U.S. at 487.  Since plaintiff has put forth no evidence that his conviction has been overturned or otherwise abrogated as described in Heck, this claim must be dismissed.  Id.

## IV.  CONCLUSION

In sum, plaintiff has conceded that all claims against defendant Henderson should be dismissed except the claim regarding access to the courts.  That claim is not cognizable under 42 U.S.C. § 1983 because it requires a finding that his underlying state court criminal conviction is invalid, and that conviction has not been overturned through any authorized means.  Accordingly, defendant Henderson's

---

[3] The facts suggest that at some point during the proceedings, the original standby counsel was permitted to withdraw.  He was promptly replaced with new standby counsel.

-10-

motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED. Plaintiff's motion to amend his complaint is GRANTED. The clerk of the court shall prepare waiver of service forms for the new defendant, Joel M. Young, pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. If Young is successfully served with process, the caption shall be changed to reflect that he is the defendant.

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __6th__ day of February 2006, at Wichita, Kansas.

s/  Monti Belot

Monti L. Belot
UNITED STATES DISTRICT JUDGE